Filed 6/24/22  In re L.T. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| In re L.T., et al., Persons Coming Under the Juvenile Court Law. | B315938 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 18LJJP00394A–C) |
| Plaintiff and Respondent, | |
| v. | |
| J.T., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Conditionally reversed and remanded with directions.

Emery El Habiby, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, and Jacklyn K. Louie, Principal Deputy County Counsel, for Plaintiff and Respondent.

Ann-Marissa Cook, Children's Law Center, for Minors.

Father appeals from an order terminating parental rights to his three children under Welfare and Institutions Code section 366.26.[1]  He contends the juvenile court erred when it determined the Los Angeles County Department of Children and Family Services (DCFS) satisfied its inquiry obligations under the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) and related California law as to the children's possible Indian heritage.  No interested party filed a respondent's brief; instead, father, DCFS, and the children filed a joint application and stipulation for conditional reversal and remand to the juvenile court to permit proper compliance with ICWA and related California law.  We accept the parties' stipulation.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions.  (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.)  And, after reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here.  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

***DISPOSITION***

The juvenile court's July 27, 2021, order terminating parental rights over son is conditionally reversed and the matter is remanded to the juvenile court with the following directions.

---

[1]     All further undesignated statutory references are to the Welfare and Institutions Code.

1.     DCFS shall make reasonable efforts to interview the paternal grandmother and any available paternal family member regarding whether the children are or may be Indian children.

2.     DCFS shall document its efforts to interview the paternal grandmother and all available paternal family members regarding whether the children are or may be Indian children, and provide a report with said documentation and the results of its interviews to the juvenile court.

3.     At a noticed hearing, with counsel for the parents reappointed, the juvenile court shall make a finding regarding ICWA's applicability, determine whether DCFS has interviewed all available extended paternal family members, and proceed according to sections 224.2 and 224.3, including ordering DCFS to send new notices with additional and/or corrected information to the appropriate tribes in accordance with ICWA, if appropriate.

4.     If new notices are sent and after the juvenile court receives responses from the noticed tribes, it shall proceed in accordance with ICWA if any tribe determines the children are Indian children.  If no tribe or agency determines the children are Indian children after notice has been provided pursuant to ICWA, the order terminating parental rights shall be reinstated as the order of the court.

Pursuant to the parties' stipulation, the remittitur shall issue forthwith.


RUBIN, P. J.

I CONCUR:


KIM, J.

4

In re L.T. et al.
B315938


BAKER, J., Concurring.


I agree conditional reversal and a remand to the juvenile court is required because the court did not comply with federal regulations that require the court to ask "each participant" in a child custody proceeding—at the commencement of the proceeding—whether the participant knows or has reason to know the minor in question is an Indian child.  (25 C.F.R. § 23.107(a).)  The minors' paternal grandmother was present in court at the initial detention hearing for L.T. and M.T., but the court did not make the required inquiry.  If, on remand, the paternal grandmother has no information suggesting the minors are Indian children, I believe the juvenile court would be entitled to find the Indian Child Welfare Act does not apply (though the court would also be free to order any additional inquiry it deems appropriate).  (*In re H.V.* (2022) 75 Cal.App.5th 433, 439-442 (dis. opn. of Baker, J.).)


BAKER, J.